*74 OPINION.
Sternhagen :
In determining petitioner’s income tax for 1932, the Commissioner determined that a gain of $971,985.24 was realized from the liquidation of the corporation. The petitioner assails this determination, and insists that he realized no gain. It would be ironic indeed if a gain of almost a million dollars could be recognized with a resulting tax liability of over half a million dollars when at the same time the petitioner was and has ever since been insolvent, as stated by both parties. But this does not dispose of the merits of the question.
The determination must be reversed because it is apparent that petitioner had no gain. He and his corporation went through motions which wholly lack substance. In reality the corporation did not distribute anything in liquidation. Bound as it was by its contract with the broker giving the broker a lien on its account to support Munson’s individual account which it had guaranteed, it could not transfer the asset of this account in liquidation to Munson without the broker’s consent. It did not attempt to do so, but had the broker transfer its account to petitioner’s to discharge its guaranty at a time when Munson’s assets made the guaranty a substantial, unmistakable, and imminent obligation. It was done on the same day as the simulation of a transfer in liquidation to petitioner, but this contemporaneous conduct must be taken as in the sequence which fits the corporation’s obligation. Cf. Liberty Service Corporation, 28 B. T. A. 1067; 77 Fed. (2d) 94. As in that case, the nominal liquidation and ostensible transfer to the shareholder were ineffectual. The forms adopted can not serve to establish as actual a liquidation to petitioner which was only apparent and which did not and legally could not transfer anything to him.

Decision will be entered, under Bule 50.